******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

SANDHYA DESMOND *v.* YALE-NEW HAVEN
HOSPITAL, INC., ET AL.
(AC 39157)

Sheldon, Keller and Bright, Js.

*Syllabus*

The plaintiff sought to recover damages from her former employer for, inter alia, statutory theft in connection with the defendants' actions during proceedings before the Workers' Compensation Commissioner concerning a work related injury sustained by the plaintiff. The trial court granted the defendant's motion to strike the plaintiff's amended complaint and determined that it lacked jurisdiction over her claim due to the exclusivity provision of the Workers' Compensation Act (§ 31-275 et seq.). Thereafter, the plaintiff filed a substitute complaint, and the defendants filed a request to revise the substitute complaint, claiming that the allegations therein were substantially similar to those contained in the plaintiff's previously stricken complaint and that the allegations added to the substitute complaint failed to cure the deficiencies in the previous complaint. The trial court overruled the plaintiff's objections to the defendants' request to revise and rendered judgment dismissing the substitute complaint. The trial court also denied the plaintiff's request for leave to amend her substitute complaint to add a claim of retaliatory discrimination pursuant to statute (§ 31-290a). On the plaintiff's appeal to this court, *held*:

1. This court declined to review the plaintiff's claim that the trial court erred in determining that the counts alleged in her substitute complaint were barred by the exclusivity provision of the act, the plaintiff having failed to brief the claim adequately; because the plaintiff did not appeal from the trial court's determination, made when it struck her amended complaint, that the plaintiff's claims were barred by the exclusivity provision of the act, for the plaintiff to avoid waiving her right to appeal from that determination, she was first required to establish that the trial court improperly determined that her substitute complaint was not materially different from the stricken complaint and that she had failed to cure the deficiencies found by the trial court in striking the amended complaint, which she failed to do, as the plaintiff's brief to this court failed to address those findings of the trial court and was devoid of any specific discussion or legal analysis as to which allegations set forth in the forty-one additional pages filed as part of the substitute complaint cured the deficiencies that led the trial court to strike her amended complaint.

2. The trial court having improperly considered the wrong complaint when it denied the plaintiff's request for leave to amend her substitute complaint, further proceedings on the plaintiff's request for leave to amend were required; it was apparent from the trial court's decision denying the plaintiff's motion to reargue that, when denying the request for leave to amend, the court considered the plaintiff's ten count substitute complaint and not the eleven count proposed amended complaint that accompanied her request for leave to amend, and, thus, the court failed to consider the additional count that purported to plead a cause of action for retaliatory discrimination pursuant to § 31-290a when ruling on that request.

Argued January 30—officially released April 17, 2018

*Procedural History*

Action to recover damages for, inter alia, statutory theft, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Nazzaro, J.*, granted the defendants' motion to strike; thereafter, the court denied the plaintiff's request for leave to amend her substitute complaint; subsequently, the court denied the plaintiff's motion for reargument

and reconsideration; thereafter, the court, *Ecker, J.,* overruled the plaintiff's objections to the defendants' request to revise her substitute complaint, granted the defendants' motion for judgment, and rendered judgment of dismissal, from which the plaintiff appealed to this court. *Reversed in part; further proceedings.*

*Eric M. Desmond*, for the appellant (plaintiff).

*Phyllis M. Pari*, with whom was *Angelica L. Mack*, for the appellees (defendants).

*Opinion*

SHELDON, J. The plaintiff, Sandhya Desmond, appeals from the judgment of the trial court dismissing her complaint against the defendants, Yale-New Haven Hospital, Inc. (hospital), and Yale-New Haven Health Services, Inc., alleging statutory theft, common-law fraud, violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., breach of contract, and statutory negligence. The plaintiff claims that the court improperly (1) determined that it lacked jurisdiction over her claim for statutory theft because the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-275 et seq., barred her from bringing such a claim in the Superior Court, and (2) denied her request for leave to amend her complaint to add a claim for retaliatory discrimination pursuant to General Statutes § 31-290a. We affirm in part and reverse in part the judgment of the trial court.[1]

This court set forth the following undisputed factual and procedural history in an earlier appeal brought by this plaintiff, *Desmond* v. *Yale-New Haven Hospital, Inc.*, 138 Conn. App. 93, 50 A.3d 910 (*Desmond I*), cert. denied, 307 Conn. 942, 58 A.3d 258 (2012). "At all times relevant to this appeal, the plaintiff was an employee of the hospital. On December 30, 2004, she was injured in the course of her employment. According to the plaintiff, she suffered a spill-related fall while at work and subsequently was diagnosed with bilateral, acute post-traumatic carpal tunnel injuries. Her physicians have advised her that, absent medical treatment, she permanently will be unable to use her hands.

"Subsequently, she filed a workers' compensation claim with regard to her injury, and the defendants accepted the claim. On March 6, 2008, she filed a federal action in United States District Court for the District of Connecticut, in which she alleged various claims under state law and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. On March 23, 2009, the District Court granted the defendants' motion to dismiss as to the plaintiff's state law claims, allowing the action to proceed only on her claim under the Americans with Disabilities Act.

"On May 20, 2010, the plaintiff filed in the Superior Court the operative complaint in th[is] . . . case. The complaint contained ten counts, alleging against each of the defendants workers' compensation fraud, statutory negligence, breach of contract, unfair and deceptive acts and practices in violation of CUTPA and delay in the delivery of benefits under the act in violation of the plaintiff's state constitutional right to due process. The complaint alleged that the defendants had made various filings with the [W]orkers' [C]ompensation [C]ommission (commission) in a bad faith and fraudulent attempt to delay treatment. The complaint alleged that these bad

faith attempts to delay treatment caused the plaintiff's condition to worsen, as she did not receive necessary treatment.

"On June 7, 2010, the defendants filed a motion to dismiss, alleging that the exclusivity provision of the act barred the action and that the plaintiff had failed to exhaust her administrative remedies under the act. The court granted the defendants' motion to dismiss on December 16, 2010. Relying on our Supreme Court's decision in *DeOliveira* v. *Liberty Mutual Ins. Co.*, 273 Conn. 487, 870 A.2d 1066 (2005), the court held that the plaintiff's claims did not allege conduct that was sufficiently egregious to remove the claims from the exclusive jurisdiction of the commission. The plaintiff filed . . . [an] appeal on January 20, 2011." *Desmond I*, supra, 138 Conn. App. 95–96.

On appeal in *Desmond I*, "the plaintiff claim[ed] that the court improperly held that it lacked jurisdiction over her claims because the exclusivity provision of the act barred her from bringing an action in the Superior Court. The plaintiff argue[d] that the court erroneously determined that its analysis was controlled by *DeOliveira* . . . and, instead, maintain[ed] that General Statutes § 31-290c establishes a civil cause of action over which the commission lacks jurisdiction. In the alternative, the plaintiff argue[d] that, if *DeOliveira* d[id] apply and actions under § 31-290c ordinarily must be brought before the commission, the [trial] court improperly held that the present case did not involve egregious conduct that warranted an exception from the general rule of exclusivity." Id., 96–97.

This court rejected both of the plaintiff's arguments, holding that it was "clear that the plaintiff's claimed injuries allegedly caused by the defendants' bad faith delays in medical treatment, arose out of and in the course of the workers' compensation claims process" and thus that those injuries "fall within the jurisdiction of the commission." Id., 102. This court further held that even if the plaintiff's allegations were afforded "their most damaging interpretation, the defendants' conduct was not on the level of egregious behavior that . . . could provide an exception to the exclusivity provision." Id., 103. Accordingly, this court affirmed the judgment of the trial court dismissing the plaintiff's action in *Desmond I*.

On October 3, 2013, the plaintiff filed her amended complaint in the present action, wherein she again set forth ten counts against the defendants, claiming statutory theft, common-law fraud, violation of CUTPA, breach of contract and statutory negligence. The defendants moved to strike all of the plaintiff's claims on the ground, inter alia, that they are barred by the exclusivity provision of the act, and thus that the trial court had no jurisdiction over them. The plaintiff filed an objection, arguing, inter alia, that her claims were not barred by

the exclusivity of the act.[2]

On August 25, 2014, the court, *Nazzaro, J.*, heard oral argument on the defendants' motion and the plaintiff's objection thereto. By way of memorandum of decision filed on November 26, 2014, the court granted the defendants' motion to strike the plaintiff's entire complaint on the ground that all of the plaintiff's claims fell within the exclusive jurisdiction of the commission. The court reasoned that the alleged misconduct of the defendants, which the court found to be "identical to that alleged in *Desmond* [*I*] . . . but for the addition of some conduct by the defendants postdating the prior suit," was not so egregious to invoke the exception to exclusivity.

The plaintiff did not appeal from the trial court's ruling striking her complaint. Rather, on December 11, 2014, pursuant to Practice Book § 10-44, the plaintiff, in her view, as advanced before this court, filed a substitute complaint "in an effort to plead additional facts and to amplify the allegations such that viability of the . . . [General Statutes] § 52-564 [statutory theft] claim (and associated claims) would be sufficient to allow the claim to proceed to the merits."

On February 5, 2015, the plaintiff filed a request for leave to amend her substitute complaint, pursuant to Practice Book § 10-60, to incorporate a claim for retaliatory discrimination pursuant to General Statutes § 31-290a. The defendants filed an objection to the plaintiff's request for leave to amend on two grounds. First, the defendants argued that the proposed addition of a § 31-290a claim was untimely and prejudicial. Second, the defendants argued that the proposed addition of a § 31-290a claim was futile because she already had asserted such a claim to the commission, and thus she was barred from bringing it again in an action before the court. On April 23, 2015, the court, *Nazzaro, J.*, denied the plaintiff's request for leave to amend, and sustained the defendants' objection thereto, stating: "The amendment is improper. See court's previous ruling on [the defendants'] motion to strike."

On May 4, 2015, the plaintiff filed a motion for reargument and reconsideration.[3] The court heard reargument on June 22, 2015, and issued a memorandum of decision on October 7, 2015, denying reconsideration of its denial of the plaintiff's request for leave to amend.

On May 7, 2015, the defendants filed a request to revise the plaintiff's substitute complaint, which she had filed on December 11, 2014. The defendants sought to have the plaintiff's entire substitute complaint deleted because the allegations of the substitute complaint were substantially similar to those contained in the plaintiff's previously stricken complaint and the allegations added to the substitute complaint failed to cure the deficiencies of the earlier complaint.

On June 8, 2015, the plaintiff filed two separate objec-

tions to the defendants' request to revise. In one of her objections, she argued that the court "simply lacked the authority" to strike her § 52-564 claim on the basis of exclusivity because the allegations set forth in her December 11, 2014 complaint were sufficiently egregious that the defendant's alleged conduct that "bears no rational relation to a legitimate challenge to the plaintiff's workers' compensation claim; is not activity intrinsic to the workers' compensation claims process; and is conduct that is separate and apart from nonpayment of benefits." The plaintiff further argued: "[B]y the factual allegations pled, it should be understood, to the extent exclusivity might apply to certain conduct, that the defendants either (a) intended both the acts alleged and the injurious consequences of those acts or (b) intended the acts alleged and knew that the injury/injuries sustained was/were substantially certain to occur. The defendants' conduct that falls into either of these categories means that the plaintiff has escaped the exclusivity of the act." (Emphasis omitted; footnote omitted; internal quotation marks omitted.) The plaintiff also argued that the defendants were not entitled to exclusivity because they failed to comply with "the self-insurance requirements upon their application for self-insured status."

In her other objection to the defendants' request to revise, the plaintiff argued that all of her claims arose from statutory theft under § 52-564, and, on that basis, they were not subject to exclusivity. The plaintiff also argued that she had added factual allegations to her complaint to cure the deficiencies relied upon by the trial court in previously striking her complaint. The plaintiff argued that the conduct that she alleged was not "intrinsic to the claims process," as found by the court when striking her complaint. In so doing, she set forth several instances of said conduct, featuring additional allegations against the defendants that she claims to have been so egregious as to remove her claims from exclusivity. As examples of such allegations, the plaintiff cited to allegations that the defendants had: aggressively surveilled upon her and members of her family; fabricated various allegations to the commission in an attempt to have her medical treatment terminated; fabricated information to her various medical providers; and revoked authorization for medical treatment and medication based upon false pretenses. In sum, the plaintiff argued: "As to allegations made pursuant to . . . § 52-564, exclusivity is inapplicable. As to allegations premised upon conduct that is violative of . . . § 52-564, they are beyond the protection of exclusivity. As to allegations that may be within the exclusivity provision of the act, the conduct alleged in the December 11, 2014 complaint—both new and prior allegations and rationale—is beyond the exclusivity of the . . . act."

On March 4, 2016, the court, *Ecker, J.*, issued an order

overruling the plaintiff's objections to the defendants' request to revise and rendered judgment dismissing her complaint. In so doing, the court held, inter alia: "[I]t is the court's opinion that the substitute complaint is not, in substance, materially different from the . . . stricken . . . complaint. In other words, the new allegations in the substitute complaint do not cure the legal deficiencies that caused Judge Nazzaro to strike the [amended] complaint. The substitute complaint contains many more pages of allegations, but those allegations, in this court's view, do not change the nature or character of the underlying claims in a manner that would alter the outcome of Judge Nazzaro's memorandum of decision striking the [amended] complaint." The court also explained that it was disinclined to revisit Judge Nazzaro's decision striking the plaintiff's complaint, but that, even if it did so, it would agree that the plaintiff's allegations could not overcome the exclusivity of the act. The plaintiff subsequently sought reargument, which the court denied. This appeal followed.

On appeal, the plaintiff claims that the trial court erred in determining that her claims were barred by the exclusivity of the act. She also claims that the trial court erred in denying her request for leave to amend her complaint to add a retaliation claim pursuant to § 31-290a. We address each of the plaintiff's claims in turn.

I

The plaintiff first claims that the court erred in determining that her claims were barred by the exclusivity of the act. "[A]fter a court has granted a motion to strike, [a party] may either amend his pleading [pursuant to Practice Book § 10-44] or, on the rendering of judgment, file an appeal. . . . The choices are mutually exclusive [as the] filing of an amended pleading operates as a waiver of the right to claim that there was error in the [granting] of the [motion to strike] the original pleading. . . . Stated another way: When an amended pleading is filed, it operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment, and previous rulings on the original pleading cannot be made the subject of appeal. . . .

"If the plaintiff elects to replead following the granting of a motion to strike, the defendant may take advantage of this waiver rule by challenging the amended complaint as not materially different than the [stricken] . . . pleading that the court had determined to be legally insufficient. That is, the issue [on appeal becomes] whether the court properly determined that the [plaintiff] had failed to remedy the pleading deficiencies that gave rise to the granting of the [motion] to strike or, in the alternative, set forth an entirely new cause of action. It is proper for a court to dispose of

the substance of a complaint merely repetitive of one to which a demurrer had earlier been sustained. . . . Furthermore, if the allegations in a complaint filed subsequent to one that has been stricken are not materially different than those in the earlier, stricken complaint, the party bringing the subsequent complaint cannot be heard to appeal from the action of the trial court striking the subsequent complaint. . . . The law in this area requires the court to compare the two complaints to determine whether the amended complaint advanced the pleadings by remedying the defects identified by the trial court in granting the earlier motion to strike." (Citations omitted; internal quotation marks omitted.) *Lund* v. *Milford Hospital, Inc.*, 326 Conn. 846, 850–52, 168 A.3d 479 (2017). "Factual revisions or additions are necessary; mere rewording that basically restate[s] the prior allegations is insufficient to render a complaint new following the granting of a previous motion to strike." (Internal quotation marks omitted.) Id., 852–53. "[A]ppellate review of this comparative process is plenary because it considers the trial court's interpretation of the pleadings." Id., 851 n.5.

The plaintiff argues that the trial court erred in determining that her claims were barred by the exclusivity of the workers' compensation act because claims brought pursuant to § 52-564 are not within the exclusive jurisdiction of the commission. The determination that her claims were so barred was made by the court when it struck her amended complaint. The plaintiff did not file an appeal from that determination, but, instead, filed a substitute complaint pursuant to Practice Book § 10-44 in an attempt to cure the deficiencies found by the trial court in striking her amended complaint. The trial court determined, however, that her substitute complaint did not set forth allegations that cured those deficiencies, and that it was not materially different from her previously stricken amended complaint. Thus, before we can consider the plaintiff's claim that the court erred in determining that her claims were barred by the exclusivity of the act, the plaintiff must establish that the trial court erred in concluding that her substitute complaint was not materially different from her amended complaint, and thus that she had failed to cure the deficiencies found by the trial court in striking the amended complaint and, as a result, had waived her right to appeal from the determination that her claims were barred by the exclusivity of the act.

The plaintiff's brief to this court fails to address the trial court's determination that her substitute complaint was not materially different from her previously stricken amended complaint, and thus that the allegations set forth in the substitute complaint did not cure the legal deficiencies that led to the previous striking of her amended complaint. In her reply brief, she argues that this court must undertake a de novo review of the two complaints to determine whether the "trier of fact

. . . could interpret the additional [thirty-five] pages as including allegations sufficient to establish egregiousness and intent." Those additional pages, actually forty-one in total, contain numerous legal citations, legal arguments and legal conclusions, plus several factual allegations that are merely duplicative of the allegations set forth in her amended complaint. The plaintiff's argument concerning the additional pages added to her substitute complaint is devoid of any specific discussion as to which allegations set forth in those pages cured the deficiencies that led the trial court to strike her amended complaint. Similarly, the plaintiff has provided no legal authority or analysis in support of such an argument. The plaintiff nevertheless argues that this court will find that the defendants' argument that her substitute complaint is not materially different from her previously stricken amended complaint is without merit based upon our own de novo comparison of the two pleadings.

"We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Citations omitted; internal quotation marks omitted.) *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016). "Writing a compelling legal argument is a painstaking, time-consuming task. Good legal analysis is premised on knowing the controlling rules of law. An effective appellate advocate must apply the rules of law to the facts at hand by applying or distinguishing existing legal precedent. . . . To write a good brief and to comply with the rules of practice, counsel must state the rules of law, [and] provide citations to legal authority that support the claims made . . . ." (Internal quotation marks omitted.) Id., 729.

Because the plaintiff failed to argue in her initial brief to this court—and only did so cursorily in her reply brief—that the trial court erred in concluding that she failed, in her substitute complaint, to cure the deficiencies found by the court in her previously stricken amended complaint, we conclude that the plaintiff's claim is inadequately briefed, and thus we decline to review that claim.

## II

The plaintiff also claims that the trial court erred in denying her request for leave to amend her substitute complaint, pursuant to Practice Book § 10-60, in order to add a claim for retaliatory discrimination under § 31-

290a. We agree.[4]

"Whether to allow a party to amend the pleadings under Practice Book § 10-60 (a) rests within the discretion of the trial court. . . . Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . Whether to allow an amendment is a matter left to the sound discretion of the trial court. This court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion." (Citations omitted; internal quotation marks omitted.) *Martinez* v. *New Haven*, 328 Conn. 1, 15 n.13,      A.3d (2018).

The plaintiff filed a request for leave to amend her substitute complaint on February 5, 2015, to which the defendants filed an objection. The trial court, *Nazzaro, J.*, denied the plaintiff's request and sustained the defendants' objection thereto. In so ruling, the court stated: "The amendment is improper. See court's previous ruling on [the defendants'] motion to strike." The plaintiff thereafter filed a motion to reargue and for reconsideration, which the court also denied. In the latter ruling, the trial court explained its earlier ruling as follows: "The [proposed] amended complaint contains the same ten counts [as the substitute complaint]. The [proposed] amended complaint also contains identical allegations concerning the plaintiff's retaliation complaint under § 31-290a. . . . The [proposed] amended complaint does not specifically raise a retaliation claim, but rather adds a forty-one page 'Preliminary Statement,' which contains numerous statements of law, discussions of legislative history, and a handful of factual allegations. The 'Preliminary Statement' was incorporated into each existing count." The court concluded that the proposed amended complaint did not address "substantive matters brought out in the court's earlier memorandum of decision granting the defendants' motion to strike" and the additional allegations set forth by the plaintiff, and its memorandum in support of the proposed amended complaint, "added nothing to the plaintiff's cause."

On appeal, the plaintiff claims, inter alia, that the trial court erred in denying her request for leave to amend because it considered the wrong proposed amended complaint in so ruling. We agree. The plaintiff's February 5, 2015, proposed amended complaint contained eleven counts, not ten counts, as recited by the trial court. The additional count, which was added as count one of the proposed amended complaint, purported[5] to plead a cause of action for retaliatory discrimination pursuant to § 31-290a. The proposed amended complaint also sought relief pursuant to § 31-290a, unlike the previously filed substitute complaint. It is apparent from the trial court's decision denying the plaintiff's motion to reargue, as set forth above, that the court

considered the plaintiff's ten count substitute complaint, not the eleven count proposed amended complaint that accompanied her request for leave to amend, when ruling on that request. Because the trial court considered the wrong complaint when it denied the plaintiff's request for leave to amend, we cannot conclude that the court properly exercised its discretion in so ruling.

The judgment is reversed only as to the plaintiff's request for leave to amend her complaint to add a § 31-290a claim, and the case is remanded for further proceedings on that request and the defendants' objection thereto. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The plaintiff also claims that the trial court violated her right to equal protection when it ruled adversely to her and ignored binding precedent in so doing. Accepting the plaintiff's rationale, every claim that a trial court misapplied the law would be transformed into an equal protection claim. That clearly is not the law.

[2] The defendants also argued that the plaintiff's claims should be stricken because the accidental failure of suit statute, General Statutes § 52-592, did not apply to them and they were barred by the doctrine of res judicata. The plaintiff responded to all of the defendants' arguments in her objection to the motion to strike. Because the court determined that the plaintiff's claims were barred by the exclusivity of the act, the court did not reach the parties' additional arguments.

[3] The plaintiff also filed a request for articulation, which the court denied as improperly filed.

[4] The defendants argue that the plaintiff's claim is moot because she has filed two other § 31-290a actions in the Superior Court. Specifically, the defendants argue that those other actions "provide the plaintiff with an opportunity to obtain the same legal redress that would be obtained in this case if the [trial] court's ruling denying the motion to amend were overturned here." That is not the test for mootness. Because we can afford the plaintiff relief, as set forth herein, we disagree with the defendants.

[5] We make no judgment as to the legal sufficiency of that count.